# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 27, 2026

Lyle W. Cayce
Clerk

No. 25-40111
CONSOLIDATED WITH
No. 25-40548
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Leotis Cornelius McMahon,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:24-CR-64-1

Before Haynes, Graves, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Leotis Cornelius McMahon was convicted of possession with intent to distribute 50 grams or more of methamphetamine (actual) and possession of a firearm by a felon, and he was sentenced within the applicable guidelines range to a total of 400 months of imprisonment. On appeal, he challenges

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40111
c/w No. 25-40548

the two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, arguing that the evidence failed to establish that drug activity was a primary or principal use of the premises. *See* U.S.S.G. § 2D1.1(b)(12) & comment. (n.17).

As an initial matter, the statements of McMahon's counsel at sentencing did not waive the specific issue he argues on appeal. *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). However, because McMahon did not clearly raise the issue in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We conclude that the district court did not commit an error that was clear or obvious in finding that the enhancement applied. A district court is permitted to draw reasonable inferences from the facts in determining whether an enhancement applies. *United States v. Ramos-Delgado*, 763 F.3d 398, 400 (5th Cir. 2014). In addition, we have held there is a "low bar" for establishing a primary use of the premises was drug manufacturing or distribution. *United States v. Galicia*, 983 F.3d 842, 845 (5th Cir. 2020). Here, the undisputed evidence described in the presentence report supports a reasonable inference that one of the primary uses of McMahon's residence was to store, manufacture, and prepare controlled substances for distribution.

AFFIRMED.

2